**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAO YANG,

No.    14-73835

Petitioner,

Agency No. A087-713-199

v.

MEMORANDUM[*]

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2020[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Mao Yang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Yang's testimony regarding what occurred at the Chinese Consulate in Los Angeles and whether he was informed his name is in a Chinese computer database system.  *Id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances); *Rizk v. Holder*, 629 F.3d 1083, 1088-89 (9th Cir. 2011) ("Because we must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence, we focus on one of the key contradictions the IJ identified . . . ." (citation omitted)).  Yang's explanations do not compel a contrary conclusion.  *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). In the absence of credible testimony, Yang's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Yang's CAT claim because it was based on the same evidence found not credible, and Yang does not point to any other evidence in the record that compels the conclusion that it is more

14-73835

likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

We do not consider the additional evidence submitted with Yang's opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record underlying the BIA's decision).

**PETITION DENIED.**